UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cassie Griffin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:10-cv-00396 (EGS) |
| | ) |
| Board on Professional Responsibility,  Elizabeth | ) |
| A. Herman, Elizabeth J. Branda, Charles J. | ) |
| Willoughby, District of Columbia Court of | ) |
| Appeals, E. Brooks, and Garland Pinkston, Jr. | ) |
| | ) |
| Defendants. | ) |

**BOARD DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendants Board on Professional Responsibility, Elizabeth A. Herman, Elizabeth J. Branda, and Charles J. Willoughby (collectively referred to herein as "Board Defendants") submit this Reply to Plaintiff's Motion Response.

**ARGUMENT**

Plaintiff Griffin's Response alleges that her former attorney, who is not a party to this case, overcharged her by $5000.  Despite Griffin's evident frustration with the course of the D.C. Bar disciplinary proceedings against her former attorney, this Court does not have subject matter jurisdiction over Griffin's Complaint.  Griffin does not allege that the Board Defendants caused her alleged monetary injury and Griffin has no standing to complain about the conduct of disciplinary proceedings against a third  person.  Even if this Court did have subject matter jurisdiction, the Board Defendants are entitled to absolute immunity for their actions in and related to those proceedings.  Furthermore, Griffin has not alleged specific acts that might

constitute fraud or otherwise alleged facts  sufficient to state a plausible or cognizable claim for relief.

## I.    BECAUSE GRIFFIN LACKS STANDING, THIS COURT DOES NOT HAVE JURISDICTION OVER HER COMPLAINT.

While Griffin's Response alleges that she was overcharged by her former attorney, and recounts instances where she alleges that her complaint to  the Office Bar Counsel was misunderstood or misstated, she does not allege that she suffered any injury caused by the Board Defendants.  Therefore, she lacks standing to bring this case.  When a party's standing is challenged in a motion to dismiss, a federal "court must police its jurisdiction by applying its own careful analysis of the complaint," construing the complaint in favor of the plaintiff.  *Kurtz v. Baker*, 829 F.2d 1133, 1138 (D.C. Cir. 1987).

In order to have standing. the Plaintiff must "allege a distinct and palpable injury" to herself.  *Id.* (quotations omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 n.8 (1992) (describing the injury required as "concrete" and "substantive").  However, it is not enough that the Plaintiff alleges she sustained an injury; in order to establish standing, the alleged injury must be "fairly traceable to the challenged action of the defendant."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v.* 504 U.S. at 555, 560-61).  In other words, the injury that the Plaintiff complains of must have been caused by the Defendants and not some other person.  *Assoc. of Inv. Brokers v. S.E.C.*, 676 F.2d 857, 862 (1982).

In her Response, Griffin's alleges that after agreeing with former attorney James Butler to a $500 case assessment fee, he surreptitiously overcharged her by another $4500. Response at 1.  Griffin further alleges that Butler later charged a separate $500 on a different credit card without her consent or authorization, after a meeting with Butler and Gail Royster to

discuss retaining Butler for Royster's case as well.  *Id.*  Griffin states that although she wrote

Butler and attempted to call him, she never received any response to her inquiries.  *Id.*

Griffin does not allege that the Board Defendants caused Butler's overcharges or

his failure to fulfill his responsibilities under the D.C. Bar Rules.  Nor does she allege that the

Board Defendants impeded or interfered with any effort Griffin undertook to retrieve her money.

To the contrary, Griffin states that Defendant Herman has  suggested that Griffin file a claim to

the "client security trust fund [i]n every letter she writes."  Response at 2.  Furthermore, the

Board Defendants participated in disciplinary proceedings that resulted in Butler's disbarment.

*See In re Butler*, 982 A.2d 1147 (D.C. 2009).  The injury Griffin complains of was caused by her

former attorney, not the Board Defendants; therefore this injury cannot provide the basis for

standing in this case.

Griffin's Response allegations also include claims that Defendant Herman visited

her son, for whom Griffin engaged Butler's services, during the course of Herman's

investigations into Butler's misconduct.  Response at 1-2.  Griffin also alleges that Defendant

Herman requested an in-person meeting with her and Royster, a request that Griffin denied.  *Id.*

Griffin also claims that Defendant Herman presented incorrect statements during the course of

Butler's disciplinary proceeding before the Board on Professional Responsibility, alleging that

Defendant Herman ignored her suggested edits to the draft Petition for Negotiated Discipline

presented to the Board. [1]  *Id.*  However, Griffin does not allege that she was actually harmed by

Herman's visit to her son, or by Herman's  request to meet with her.  Nor does Griffin assert that

she was injured by any alleged misstatements or omissions in the petition for negotiated

---

[1] Indeed, because the Board rejected that Negotiated Petition, thereby rendering it a nullity, there could be no injury resulting from this proposed-but-never-adopted-or-effective negotiated discipline.

discipline.  Griffin does not and could not allege she was a party to the Butler disciplinary

proceedings.  She cannot assert any personal claim to, or legal interest in, the outcome of these

proceedings, which are brought to protect the public from dishonest or unscrupulous attorneys.

*Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 194 (D.D.C. 2005).

   Liberally construed in her favor, Griffin's Response allegations also might allow

an inference of inadequate communications from Board Defendants Herman, Branda, and

Willoughby.  For example, Griffin alleges that Herman failed to respond to letters she sent on

December 16 and 22, 2008, offering changes to elements of a draft Herman sent on December 4,

2008, which Griffin alleges contained  incorrect statements. Response at 1-2.  Griffin also alleges

that Board Defendant Willoughby did not personally respond to a letter she wrote on March 5,

2009, instead referring her inquiry to Board Executive Attorney and now Defendant Elizabeth

Branda.  Response at 2-3  Importantly, Griffin makes no allegation that she was *injured* by these

alleged miscommunications.[2]  Moreover, even if Griffin had alleged the miscommunications

somehow constituted a procedural error – and she has not made such an allegation – such an

alleged error would be insufficient to establish the "injury" element of standing.  A plaintiff

cannot complain of merely procedural injuries, but must allege and prove that she has suffered a

concrete, substantive injury.  *Lujan*, 504 U.S. at 573 n.8.  Griffin does not allege that she was

harmed in any concrete way by these alleged communication failures.

---

[2] Even if Griffin had alleged concrete injury and the other elements necessary to establish
standing to bring this Complaint – which she has not – her allegations concerning
communications with the Board Defendants would be insufficient to state a claim on which relief
could be granted.  Defendants have no legal duty to ensure that every complaining witness
receives perfect communication in the precise time(s) and manner that witness (who is not a
party to the disciplinary proceeding) desires.  Failure to state a claim on which relief can be
granted is a separate and independent ground for dismissal of this action.  *See* II, *infra*.

In sum, Griffin has not alleged any injury that was caused by the Board Defendants.  Therefore, Griffin lacks standing, this Court lacks subject matter jurisdiction to hear her claims, and this action should be dismissed.[3]

## II.     GRIFFIN HAS FAILED TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED.

### A.     The Board Defendants Are Entitled To Absolute Immunity.

In their Motion to Dismiss the Complaint, the Board Defendants established that they are entitled to judicial immunity for their conduct in the course of D.C. Court of Appeals disciplinary proceedings.  Motion at 9-10; *see Richardson v. District of Columbia et al*, Civ. No. 09-01856 (HHK) (D.D.C. May 14, 2010), slip op. at 19-20 (members of Board of Professional Responsibility, and Office of Bar Counsel have absolute immunity "for any conduct in the course of their official duties.").  Griffin's Response makes it clear that the monetary damages she seeks in the Complaint relate only to alleged errors and improprieties allegedly committed in the course of attorney disciplinary proceedings.  None of her claims concern any alleged action or omission of the Board Defendants outside of the context of the Butler disciplinary proceedings.  Accordingly, Griffin has not alleged any facts that, if true, would be sufficient to

---

[3] Even if the Plaintiff had pleaded facts and allegations sufficient to establish Article III constitutional standing, the Court would lack jurisdiction over this matter because the Complaint fails to aver facts sufficient to confer statutory jurisdiction on the Court.  To the extent a claim can be discerned from the Complaint, it would appear to be a common law fraud claim, which sounds in state (or District of Columbia) law, *not* in federal law.  Accordingly, this Court would not have federal question jurisdiction under 28 U.S.C. § 1331.  Nor did Plaintiffs allege facts sufficient to establish the Court has diversity jurisdiction over this matter.  *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship of plaintiff and defendants, and that amount in controversy exceeds $75,000).  Federal courts are courts of limited jurisdiction, and this Court may not exercise jurisdiction over a claim in the absence of allegations sufficient to establish jurisdiction under applicable statutes and law.  Thus, independent of Plaintiff's lack of standing, the Complaint fails to make allegations sufficient to establish this Court has subject matter jurisdiction.  The Complaint also should be dismissed for this independent, alternative reason.

overcome the Board Defendants' absolute immunity to claims based upon their role and participation in attorney disciplinary proceedings.  Griffin's Response does not attempt to address this absolute defense, so the Board Defendants will not repeat that argument here.  Even if she had standing, Griffin's Complaint should be dismissed for failure to state a claim.

### B.      Griffin's Response Fails to Allege Sufficient Facts to State a Claim.

Griffin's new allegations in her Response do not satisfy the requirement that a pleading containing allegations of fraud or mistake "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9 (b).  Nor does Griffin's Response plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While Griffin alleges that the Petition for Negotiated Discipline contained incorrect statements, she did not allege that the statements were material, that Defendant Herman knew they were false, that Herman intended to induce Griffin's reliance on these statements, or that she acted in reliance on those statements to her detriment.  *See Jacobs v. Dist. Unemployment Comm.*, 382 A.2d 282, 286 (1978).  Griffin does not allege basic predicate facts that might constitute fraud in her Complaint or Response.  Therefore, the action should be dismissed for failure to plead fraud with particularity and for failure to state a claim on which relief can be granted.

If Ms. Griffin seeks money damages or other compensation for injuries she may have sustained as a result of Mr. Butler's acts or omissions, the DC Bar disciplinary process is the wrong forum.  The Board on Professional Responsibility does not adjudicate malpractice claims brought by clients, or other claims for damages.  Its purpose and jurisdiction – conferred by the D.C. Court of Appeals – are limited to consideration and disposition of disciplinary proceedings against attorneys who are members of the D.C. Bar.. *See generally*, Rules

Governing the District of Columbia Bar, Rule XI; *id*., Rule XI, § 4.  As discussed in the Bar

Defendants' opening Memorandum, Mr. Butler received the most severe of several available

levels of sanction in a disciplinary proceeding – disbarment.  *See id*., Rule XI, § 3(a).  The Office

of Bar Counsel has no authority to seek, and the Board on Professional Responsibility has no

authority to award, monetary damages to a complaining witness such as Plaintiff Griffin.  The

appropriate forum for malpractice or other claims for damages against an attorney is a District of

Columbia court or other appropriate court of general jurisdiction, or perhaps the  D.C. Attorney

Client Arbitration Board.  In addition, clients who are defrauded by attorneys who are members

of the D.C. Bar may have recourse to the  D.C. Bar Clients Security Fund, which in some

circumstances reimburses clients who are the victims of attorney dishonesty.  *See* Rule XII,

Rules Governing the District of Columbia Bar.

>    Griffin also expresses concern in her Response that she was not provided with a

copy of the D.C. Court of Appeals Order disbarring her former attorney, a published decision.

*See* Response at 3; *In re Butler*, 982 A.2d 1147 (D.C. 2009).  This allegation, if true, does not

constitute fraud.  In any event, Board Defendants have sent a copy of the Order to Ms. Griffin,

along with her service copy of this Reply.

## III.    IN THE ALTERNATIVE, THIS COURT SHOULD ORDER GRIFFIN TO FILE A MORE DEFINITE STATEMENT.

>    If, despite the Court's lack of subject matter jurisdiction, it should determine  that

Griffin's Complaint should not be dismissed, it should at a minimum order Griffin to file a more

definite statement of her complaint.  A plaintiff's response to a motion to dismiss or for a more

definite statement has sometimes been deemed to serve the same purpose that a more definite

statement would.  *Hirpassa v. Albert*, 648 F. Supp. 2d 148, 149 n.1 (D.D.C. 2009).  However,

Griffin's Response fails to serve this purpose.  The Complaint and  the Response, taken together,

do not have enough information to allow the Board Defendants to prepare an Answer: For example, neither states the basis of the Court's jurisdiction, what legally cognizable interest Griffin had in Butler's disciplinary proceeding, what Defendant Herman (or any other Defendant) allegedly did to "falsely submit [the disciplinary] case," what information was allegedly false or missing, or why or how Griffin was injured by the disciplinary process and the D.C. Court of Appeals disbarment decision.  Without this and other essential information, the Board Defendants cannot prepare a meaningful, substantive response; they can only speculate about Griffin's claims.

## CONCLUSION

For the reasons stated above and in their Motion to Dismiss, the Board Defendants respectfully request that this Court dismiss Griffin's Complaint against them.  In the alternative, the Board Defendants respectfully request that the Court order Griffin to submit a more definite statement of her complaint, specifying, at a minimum, the basis of the Court's subject matter jurisdiction, the actual injuries she complains of, her claims against the Board Defendants, the grounds for those claims, and supporting facts or allegations to show that those claims are plausible.  *See* Fed. R. Civ. P. 12(e).

May 14, 2010                                    Respectfully submitted,

                                                 _/s/ Paul A. Hemmersbaugh
                                                Paul A. Hemmersbaugh (D.C. Bar No. 445420)
                                                Noah A. Clements (D.C. Bar No. 500019)
                                                SIDLEY AUSTIN LLP
                                                1501 K Street, N.W.
                                                Washington, D.C.  20005
                                                (202) 736-8000
                                                (202) 736-8711 (fax)

                                                *Counsel for Defendants Board on Professional Responsibility, Elizabeth A. Herman, Elizabeth J. Branda, and Charles J. Willoughby.*

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cassie Griffin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:10-cv-00396 (EGS) |
| | ) |
| Board on Professional Responsibility,  Elizabeth | ) |
| A. Herman, Elizabeth J. Branda, Charles J. | ) |
| Willoughby, District of Columbia Court of | ) |
| Appeals, E. Brooks, and Garland Pinkston, Jr. | ) |
| | ) |
| Defendants | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following party was served via first class mail, postage prepaid, on May 14, 2010:

Cassie Griffin    1302 Lakeside Avenue
*Pro se*    Baltimore, MD  21218

All other parties were served through the Court's ECF case filing system.

/s/ Noah A. Clements